UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

STEPHEN SNYDER,                              No. 05-14194

                      Debtor(s).
_____/

KIMBERLY SABAUGH,

                      Plaintiff(s),

      v.                                              A.P. No. 06-1045

STEPHEN SNYDER,

                      Defendant(s).
_____/

Memorandum on Motion to Strike
_____

     On March 2, 2007, attorney Scott Shoblum electronically filed what he represented was a declaration of his client, plaintiff Kimberly Sabaugh. At a hearing this date, counsel for debtor and defendant Stephen Snyder raised questions as to its authenticity. The court asked Shoblum to produce the signed original but he was unable to do so, informing the court that all he had was a facsimile copy.

     The declaration is false on its face, in that it is dated March 3 yet is was filed on March 2. Moreover, Rule 8(c) of the Amended Operating Order governing electronic filings in the bankruptcy courts of this district

1

provides:

> The electronic filing of a document purportedly signed by someone other than the Registered Participant, including but not limited to the petition, statement of financial affairs, and schedules of assets and liabilities, shall be deemed a certification by the Registered Participant that he or she has the document in question, bearing the person's original signature, in his or her physical possession. The Registered Participant must produce the original signed document on request by the Court.

Shoblum having filed the document without having the person's original signature in his possession, and having failed to produce the original signed document when so requested by the court, and it appearing that the document is false on its face, Snyder's motion to strike will be granted. Counsel for Snyder shall submit an appropriate form of order.

Dated: April 13, 2007

_____
Alan Jaroslovsky
U.S. Bankruptcy Judge

2