UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br>STEPHEN SNYDER,<br>                  Debtor(s).<br>_____/<br>KIMBERLY SABAUGH,<br>                  Plaintiff(s),<br>    v.<br>STEPHEN SNYDER,<br>                  Defendant(s).<br>_____/ | No. 05-14194<br><br><br><br><br><br>A.P. No. 06-1045 |

Amended Memorandum on Motion for Summary Judgment
_____

     Over many years on the bench, the court has always tried to decide cases on the merits and has usually been able to resolve procedural deficiencies without the harsh sanction of default. However, in this case plaintiff Kimberly Sabaugh and her counsel are making things extremely difficult for the court and themselves. The court was forced to vacate the trial due to Sabaugh's failure to comply with FRCP 26. The court agreed to decide cross-motions for summary judgment motion which were then pending, but counsel for Sabaugh was unable to produce a signed original declaration of his client, leaving the factual allegations of

1

defendant Stephen Snyder un-rebutted. The court accordingly sees little alternative, and no fair alternative, to granting Snyder's motion.

Once judgment is entered, the court may entertain a motion to be relieved from what is in essence a default. However, the court will need to see sound evidence of a meritorious case and Sabaugh and her counsel can expect to compensate Snyder for all expenses and fees reasonably related to their procedural lapses as a condition of any such relief.

Counsel for Snyder shall submit a form of order granting his motion for summary judgment and denying that of Sabaugh, and an appropriate form of judgment.

Dated: May 10, 2007

Alan Jaroslovsky
U.S. Bankruptcy Judge