UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

STEPHEN SNYDER,                                                                  No. 05-14194

                                Debtor(s).
_____/

KIMBERLY SABAUGH,

                                Plaintiff(s),

        v.                                                                                  A.P. No. 06-1045

STEPHEN SNYDER,

                                Defendant(s).
_____/

Memorandum on Motion for Reconsideration
_____

       This is a particularly ugly adversary proceeding in which plaintiff Kimberly Sabaugh seeks nondischargeable damages against Chapter 7 debtor and defendant Stephen Snyder. Sabaugh alleges that she and Snyder, a lawyer, had a "co-habiting and dating relationship." She further alleges that during their relationship Snyder borrowed money from her with no attempt to pay it back and used her credit card without her permission. She also alleges that he assumed control of her retirement account and has failed to account for the money which he "[l]ikely sent to an offshore account or paid to an investor in what appears to be a

1

pansy [sic] scheme."[1]

When their relationship ended in 2003, Snyder gave Sabaugh a note for $131,000.00 which he says he gave her "in order to obtain some degree of peace." The note recites that it is "expressly excluded from any bankruptcy filing or attempt at discharge."

On October 24, 2006, the court set the matter for trial on March 29, 2007. On February 14, 2006, Snyder filed a motion for summary judgment supported by a detailed declaration outlining the background of his relationship and financial dealings with Sabaugh. He set the hearing on his motion for March 16, 2007.

On February 28, 2007, Snyder filed his pretrial disclosures required by FRCP 26(a)(3). On the same date, the court continued the trial to April 4, 2007. On March 2, 2007, Sabaugh filed a countermotion for summary judgment.

Due to surgery, the court was unable to hear the motions for summary judgment which had been set for the eve of trial. However, the court was able to convene the trial on April 4. Snyder objected to the trial going forward on the grounds that Sabaugh had failed to make her Rule 26 pretrial disclosures.[2] There appearing to be prejudice, the court vacated the trial date and noted that Snyder could make a motion for sanctions. However, since there was to be no trial the court stated that it would hear the motions for summary judgment on April 13, 2007.

On March 2, 2007, Sabaugh's attorney electronically filed what he had represented was a declaration of his client in support of her motion for summary judgment and in opposition to that of Snyder. At the hearing on April 13, counsel for Snyder raised questions as to its authenticity. The court asked Shoblum to produce the signed original but he was unable to do so, informing the court that all he had was a

---

[1] The complaint also alleges some domestic violence. Sabaugh has since dropped these allegations.

[2] Sabaugh argues that she interpreted the court's scheduling conference order, requiring the pre-marking and exchange of exhibits seven days before hearing, as supplanting the 30-day requirement of Rule 26(a)(3)(C). While this was not the intent of the court, the court does see how this might be mis-interpreted. However, the fact remains that Sabaugh made no disclosures whatsoever, even after seeing Snyder's proper disclosure. She advances no excuse for failure to comply with Rules 26(a)(3)(A) or (B). This issue is not currently relevant, since Snyder has not filed a motion for sanctions.

2

facsimile copy.

The declaration was false on its face, in that it was dated March 3 yet is was filed on March 2. Moreover, Rule 8(c) of the Amended Operating Order governing electronic filings in the bankruptcy courts of this district provides:

> The electronic filing of a document purportedly signed by someone other than the Registered Participant, including but not limited to the petition, statement of financial affairs, and schedules of assets and liabilities, shall be deemed a certification by the Registered Participant that he or she has the document in question, bearing the person's original signature, in his or her physical possession. The Registered Participant must produce the original signed document on request by the Court.

When Sabaugh's counsel was unable to produce the original signature, Snyder moved that the declaration be striken. The court took the motions under submission and on April 13, 2007, issued its written decision to strike the declaration. Before an order could be entered, Sabaugh moved for reconsideration, arguing that because the declaration was faxed to him for filing a fax copy of the signature was all that was required. The court rejected this argument by memorandum on April 16, 2007.

On May 7, 2007, the court issued its memorandum on the summary judgment motions. Since Sabaugh had no competent declarations in support of her motion or in opposition to Snyder's, the court granted his motion and denied hers. The court noted:

> Once judgment is entered, the court may entertain a motion to be relieved from what is in essence a default. However, the court will need to see sound evidence of a meritorious case and plaintiff and her counsel can expect to compensate plaintiff for all expenses and fees reasonably related to their procedural lapses as a condition of any such relief.

Judgment for Snyder was entered on July 11, 2007. Instead of accepting the court's invitation to file a motion for relief from the judgment pursuant to FRCP 60(b), Sabaugh has filed another motion to reconsider.

As far as the court can discern from somewhat disjointed argument, Sabaugh bases her motion on three arguments. First, she argues once more that her declaration was proper notwithstanding the failure of her counsel to produce a signed copy. Second, she argues that even if the declaration was not proper it still was sufficient to defeat a motion for summary judgment. Third, she argues that Snyder's motion for summary judgment should not have been granted even if there was no proper opposition. While the court is not clear as

3

to Sabaugh's desire to take this path, she certainly has a right to do so.[3] The court will accordingly address each of her arguments.

The economic values of electronic case filing ("ECF") to both the government and the parties is beyond question. One of the problems addressed by the many courts implementing ECF is how to insure that individuals remain responsible for perjury. A common way of dealing with this problem, adopted by many of the courts implementing ECF, is to require an attorney who files a client's declaration to maintain the "wet" copy in his or her file and produce it on request. It is clear that Sabaugh's attorney had no such copy when he filed her declaration.[4]

The court will not again address the nonsensical argument that a facsimile signature is an original signature. Sabaugh argues, however, that the interim operating order is unenforceable. The interim operating order implementing ECF in this district is proper and enforceable pursuant to Federal Rule of Civil Procedure 83 and Federal Rules of Bankruptcy 5005(a)(2), 9006(f), 9011, 9022, 9029, and 9036. *In re Brown*, 328 B.R. 556, 558 ( Bkrtcy.N.D.Cal.2005) See also *In re Phillips*, 317 B.R. 518, 523 (8th Cir.BAP,2004). Several courts have found documents filed electronically can be striken if the proper rules regarding original signatures have not been followed. See, e.g., *Cole v. Houston*, 2007 WL 1309821 (D.Neb.2007)["While a document may be a photocopy, a signature may not. The Clerk of Court issues a Notice of Deficiency when an original signature is absent from a filing. It is then possible that the document could be stricken from the record if the deficiency is not cured."].

Of course, FRCP 83(a)(2) forbids making a nonwillful failure to comply with a local rule fatal. The court never intended that the failure to comply be fatal, but only that the mistake be corrected and the other side compensated for expenses incurred. For a reason the court does not understand, Sabaugh's counsel is doing his best to turn his failure to comply with ECF rules into a fatal mistake.

---

[3] It may be that the prospect of further sanctions are not palatable to Sabaugh. The court notes that it has previously sanctioned her $2,200.00 for discovery violations in this case.

[4] Sabaugh has not refiled the declaration or produced a "wet" copy of her declaration in the months since the April13 hearing, insisting that there was no requirement that she do so.

4

ECF rules aside, the essential fact is that Sabuagh's declaration was defective and that means that a motion for summary judgment filed by the other side was not validly opposed.[5] As plaintiff, Sabaugh bears the burden of proof at trial. Summary judgment is mandatory against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and upon which the party will bear the burden of proof at trial. 27A **Fed.Proc.L.Ed**., Pleadings and Motions § 62:642, p. 389, citing *Celotex Corp. V. Catrett*, 477 U.S. 317 (1986). See also *Crawford-El v. Britton,* 523 U.S. 574, 600 (1998).[6]

The court admits that it is growing tired of the string of motions for reconsideration filed by Sabaugh, especially since they are accompanied by unsupported or nonsensical arguments; if there is a nugget of merit in any of them, the court is unable to pan it out. Accordingly, the court will give Sabaugh one more chance to set things on a proper keel before she looks to other courts for relief. The court will order as follows:

1. Insofar as Sabaugh seeks reconsideration of the order denying her motion for summary judgment, her motion for reconsideration will be DENIED.

2. Sabaugh shall have 20 days from the date of this memorandum to supply Snyder's attorney with a copy of her declaration filed March 2, 2007, which contains an actual (not facsimile) signature and to compensate Snyder for any expenses incurred due to her counsel's failure to have such a signed copy in his files on that date. If she does so, then the summary judgment against her will be VACATED and Snyder's motion for summary judgment shall be deemed UNDER SUBMISSION. If she fails to supply the signed copy, her motion for reconsideration will be DENIED IN TOTO. If the parties are unable to agree on a sum for compensation, the court will hear the matter on October 25, 2007, at 10:00 A.M. Snyder's evidence of

---

[5] Sabaugh's most incomprehensible argument is that a defective declaration, even an unsigned declaration, is sufficient to defeat a motion for summary judgment. She offers no authority for this assertion.

[6] Sabaugh makes much of the "excluded from bankruptcy" language in the note, which the court has pointed out might be some small evidence of fraudulent intent even though it is not enforceable, as Snyder is a lawyer. However, Sabaugh seems not to understand that as the party with the burden of proof at trial she needs to establish triable issues of fact as to all elements of her case, not just one.

5

compensation sought shall be in the form of declarations filed and served by October 15, 2007; declarants shall be present in person at the hearing.

    3. If Snyder seeks sanctions for Rule 26 violations, he shall set such a motion for the same time and place on 20 days' notice.

    4. The rest of Sabaugh's motion will be DENIED WITHOUT PREJUDICE, to be renewed when and if the court resets this case for trial.

    5. If Sabaugh supplies the signed declaration described in Paragraph 2 above by the prescribed time, then, upon written request of either party, this matter shall be REFERRED to the court's alternative dispute resolution program.

    Counsel for Snyder shall submit an appropriate form of order.

Dated: August 28, 2007

                                              Alan Jaroslovsky
                                              U.S. Bankruptcy Judge