UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

STEPHEN SNYDER,　　　　　　　　　　　　　　　　No. 05-14194

　　　　　　　　Debtor(s).
_____/

KIMBERLY SABAUGH,

　　　　　　　　Plaintiff(s),

　　v.　　　　　　　　　　　　　　　　　　　　A.P. No. 06-1045

STEPHEN SNYDER,

　　　　　　　　Defendant(s).
_____/

Memorandum on Motion for Summary Judgment
_____

　　　Plaintiff Kimberly Sabaugh was once the girlfriend of defendant Stephen Snyder, who is a lawyer. After they broke up, Sabaugh accused Snyder of stealing her money. Snyder then gave Sabaugh a note for $131,000.00, which recited that the note was not dischargeable in bankruptcy. Snyder then filed a Chapter 7 petition, and Sabaugh brought this action for a determination that Snyder's debts to her are not

1

dischargeable.[1] Snyder does not argue that the provision of the note is binding.

Snyder has moved the court for summary judgment, filing a declaration which refutes all of the allegations of the complaint. Since Sabaugh bears the burden of proof at trial, it is incumbent upon her to make a showing sufficient to establish the existence of each element essential to her case. 27A **Fed.Proc.L.Ed**., Pleadings and Motions § 62:642, p. 389, citing *Celotex Corp. V. Catrett*, 477 U.S. 317 (1986). See also *Crawford-El v. Britton,* 523 U.S. 574, 600 (1998). The court accordingly considers her declaration to determine if she has provided evidence sufficient to create a triable issue of fact.

The court first notes that Sabaugh has declared that "[o]ver a period of time, without my knowledge, and wrongfully, Stephen Snyder took almost all of my money: my savings, retirement, and the credit available on my credit card." This creates a triable issue of fact as to nondischargeability pursuant to § 523(a)(6) of the Bankruptcy Code.

There is also a triable issue of fact as to whether Snyder acted as a fiduciary. He admits that he was given $180,000.00 to be used for Sabaugh's benefit by Sabaugh's father. That may be sufficient to establish that Snyder was acting in a fiduciary capacity even though he was never Sabaugh's lawyer. In addition, Sabaugh has declared that Snyder was "holding" her IRA funds. A trial is necessary to determine exactly what that means.

Sabaugh has not established a triable issue of fact as to fraud. She alleges that in reliance on Snyder's representation that the note would not be dischargeable in bankruptcy she would have sued him for fraud. However, this allegation by itself is insufficient to establish a nondischargeable debt; it was incumbent upon Sabaugh to produce evidence that she had valuable collection remedies at the time she received the note, and that those collection remedies subsequently became worthless. *In re Siriani*, 967 F.3d 302, 305 (9th Cir. 1992).

Moreover, It is clear from the declarations of both parties that Sabaugh's claims against Snyder arose

---

[1] The complaint originally contained claims for denial of discharge and assault. These claims have been subsequently waived.

2

before the note was given, and that the note was intended as a liquidation of those claims. Section 523(a)(2) of the Bankruptcy Code makes debts for fraud nondischargeable only to the extent that the debtor obtained money, property, services, or an extension, renewal, or refinancing of credit. While forbearance can be considered to be such consideration where the original debt was a loan or other voluntary extension of credit, Sabaugh has declared under penalty of perjury that Snyder obtained her money without her knowledge and wrongfully. Since there was no original credit given, Sabaugh's forbearance cannot be considered an extension, renewal or refinancing of credit.

For the foregoing reasons, Snyder's motion for summary judgment will be denied. However, at trial Sabaugh will be limited to two arguments: that Snyder took her money without her knowledge and that he defalcated in a fiduciary capacity.[2] It shall be deemed without substantial controversy that there is no nondischargeable debt for fraud.

Counsel for Snyder shall submit an appropriate form of order.

Dated: July 10, 2008

_____
Alan Jaroslovsky
U.S. Bankruptcy Judge

---

[2] A finding of defalcation can be made only if a specific, identifiable sum was entrusted to Snyder. It cannot be based merely on the fact that Snyder is a lawyer. *In re Young*, 91 F.3d 1367, 1371 (10th Cir.1996). General fiduciary duties under state law do not form a basis for a finding of defalcation in a fiduciary capacity under federal bankruptcy law. The latter requires an express trust imposed before and not arising out of the wrongdoing which caused the debt. *In re Cantrell*, 329 F.3d 1119, 1125 (9th Cir. 2003). " In the Ninth Circuit, a general fiduciary attorney-client relationship may rise to the level of a fiduciary relationship for purposes of § 523(a)(4) if there are client trust funds involved." *In re Bigelow*, 271 B.R. 178, 187 (9th Cir.BAP 2001).

| | |
|---|---|
| 1 | CERTIFICATE OF MAILING |
| 2 | The undersigned deputy clerk of the United States Bankruptcy Court for the Northern District of |
| 3 | California hereby certifies that a copy of the attached document was mailed to all parties listed below |
| 4 | as required by the Bankruptcy Code and Rules of Bankruptcy Procedure. |

Dated: Jul 10, 2008

Dawn Passalacqua
Deputy Clerk

Kimberly Sabaugh
6 Pembroke Ct.
Dearborn, MI 48126